An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-281

Filed 18 March 2026

Pitt County, Nos. 21CR055568-730, 21CR055571-730

STATE OF NORTH CAROLINA

v.

JAMARCUS JAMAL PATTERSON, Defendant.

Appeal by defendant from judgment entered 30 June 2023 by Judge Marvin K. Blount III in Pitt County Superior Court. Heard in the Court of Appeals 19 November 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Alexander H. Ward, for the State.*

> *Cooley Law Office, by Craig M. Cooley, for defendant-appellant.*

GORE, Judge.

Defendant JaMarcus Jamal Patterson appeals his conviction for possession of a firearm by a felon and robbery with a dangerous weapon. Defendant argues the trial court erred by denying his motion to dismiss the possession of a firearm by a felon charge. Upon reviewing the record and the briefs, we discern no error.

**I.**

Defendant was charged and indicted on two counts of robbery with a deadly weapon, one count of first-degree forcible rape, and two counts of felon in possession of a firearm for two separate incidents in the early morning of 12 September 2021. The first incident involved a woman who accused defendant of robbing her at gun point and raping her after she invited him to her hotel room. This victim testified defendant had a black handgun that was "smooth on both sides." Defendant was seen on surveillance video entering and leaving her room.

After this first incident, defendant was seen driving a grey Dodge Journey on the East Carolina University ("ECU") campus. This vehicle was also seen on surveillance footage at the hotel. A seventeen-year-old freshman girl was walking to her dorm room when defendant came behind her wearing a face covering and hat. She testified defendant pointed a black handgun at her and demanded her purse. Defendant fled with the purse once she screamed and threw the purse at him. She testified the handgun appeared to be semi-automatic and was "smooth on both sides." Surveillance footage caught defendant running to his Dodge Journey with the victim's purse.

Police traced the vehicle to defendant's residence and obtained a search warrant. The victim's purse was recovered at defendant's residence, along with a gun holster that was lying beside the same pair of pants defendant was wearing in the surveillance videos. Police officers recovered defendant's phone and discovered photographs on his SIM card of defendant holding a black semi-automatic handgun.

These photographs were time-stamped between the dates of 5 September 2021 and 10 September 2021. Defendant testified the handgun in the photos was an airsoft gun. The handgun was never recovered.

The jury returned unanimous guilty verdicts for the robbery with a deadly weapon charge and felon in possession of a firearm charge but deadlocked on the remaining charges from the first incident. The trial court declared a mistrial on the remaining charges because of the jury's deadlock. The trial court sentenced defendant to consecutive terms of 84 to 113 months' imprisonment and 17 to 30 months' imprisonment. Defendant timely appealed.

**II.**

Defendant appeals of right pursuant to N.C.G.S. §§ 7A-27(b)(1) and 15A-1444(a). Defendant argues the trial court erred when it denied his motion to dismiss the possession of a firearm by a felon charge because there was insufficient evidence to support the possession element of the charge. Because defendant moved to dismiss the charge at the close of the State's evidence and again at the close of all the evidence, he properly preserved this issue for appellate review.

We review a motion to dismiss for insufficient evidence de novo. *State v. Blankenship*, 259 N.C. App. 102, 112 (2018), *writ denied,* 371 N.C. 116 (2019).

> In ruling on a motion to dismiss the trial court must determine whether the State has presented substantial evidence of each essential element of the offense charged and substantial evidence that the defendant is the perpetrator. If substantial evidence of each element is

presented, the motion for dismissal is properly denied. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. The evidence need only give rise to a reasonable inference of guilt in order for it to be properly submitted to the jury.

The trial court is required to view the evidence in the light most favorable to the State, making all reasonable inferences from the evidence in favor of the State. Any contradictions or discrepancies must be resolved in favor of the State. However, if the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed.

*State v. Ambriz*, 286 N.C. App. 273, 277 (2022) (cleaned up).

Defendant argues the State failed to present substantial evidence that he possessed the firearm. Possession of a firearm by a felon charge consists of the following two elements: "(1) the defendant has been convicted of a felony, and (2) the defendant subsequently possessed a firearm." *State v. Floyd*, 369 N.C. 329, 333 (2016). We limit our review to whether there was substantial evidence of the possession element of the charge to support denial of the motion to dismiss. Defendant argues the definition of a firearm under section 14-415.1 requires more than a victim's subjective belief that the object they saw during the incident was a

weapon.[1]  According to defendant, the State failed to meet the burden to show substantial evidence that defendant possessed a firearm because the State never recovered the firearm and the evidence presented was speculative.

Conversely, the State argues the circumstantial evidence presented was sufficient to overcome the motion to dismiss.  The State argues it was not required to recover the firearm to prove the possession element.  It points to *State v. Grady* and *State v. Dawkins* in support of the sufficiency of circumstantial evidence when a firearm is not recovered.  *Grady*, 274 N.C. App. 429, 438–39 (2020) (determining there was sufficient evidence of possession because the defendant was seen leaving the home with a bag that appeared to carry something of weight, and it was later determined three guns and a bag like the one the defendant carried were missing); *Dawkins*, 196 N.C. App. 719, 725 (2009) (determining the jury could infer the defendant possessed the firearm even though the .40 caliber firearm was not recovered because the victim had a reputation for carrying a .40 caliber firearm in a holster and the victim was shot by this weapon).

In the present case, the State presented evidence that both victims saw defendant with a black handgun that was "smooth on both sides."  The State recovered four time-stamped photos from defendant's cell phone, taken just days prior

---

[1] "A firearm is (i) any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive, or its frame or receiver, or (ii) any firearm muffler or firearm silencer."  N.C.G.S. § 14-415.1(a) (2020).

to the incident, that showed defendant holding a black handgun. A detective testified to the authenticity of the handgun in each photo by pointing out details in the photos, the area of the shell casing and the slide on the handgun, to challenge defendant's allegation it was only a toy gun.

Additionally, Law enforcement found a gun holster on the ground by a pair of pants, the same pants defendant was seen wearing in the surveillance videos. Defendant admitted the holster was for a real firearm. The State presented evidence this holster matched the size and color of the handgun described by the victims and seen in the recovered photos. This cumulative evidence, when viewed in the light most favorable to the State, was sufficient for a jury to infer defendant was in possession of a handgun. Therefore, the trial court did not err by denying the motion to dismiss for insufficient evidence.

## III.

For the foregoing reasons, the trial court properly denied the motion to dismiss the possession of a firearm by a felon charge.

NO ERROR.

Judges CARPENTER and WOOD concur.

Report per Rule 30(e).